State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65611086
Date: May 01 2020 11:25AM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TERI FIELDS, as Putative Administratrix of the Estate of JOEANN SNEAD, Deceased, and Catolyn Merriweather, Individually, as surviving child of JoeAnn Snead, Deceased,<br><br>Plaintiffs,<br>v.<br><br>ARBOR TERRACE AT CASCADE, LLC; THE ARBOR BARRINGTON COMPANY, LLC, d/b/a THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1 and AUDRIENNE STEVENS,<br><br>Defendants. | Civil Action File No.<br><br>_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COME NOW**, Plaintiffs Teri Fields, as Administratrix of the Estate of JoeAnn Snead and Catolyn Merriweather, individually, as surviving child of JoeAnn Snead, deceased, ("Plaintiffs") and file this, their Complaint against Defendants Arbor Terrace At Cascade, LLC, The Arbor Barrington Company, d/b/a The Arbor Company, The Arbor CP, LLC, The Arbor Holding Company, LLC, Arbor Management Services, LLC, and Audrienne Stevens (collectively "Defendants"), as follows:

### I. JURISDICTION AND VENUE

1.

This Court has subject-matter jurisdiction over this action to hold the Defendants accountable for the wrongful death of Ms. JoeAnn Snead.

2.

Venue is proper in this Court as Defendants.

## II. PARTIES

3.

Plaintiffs are citizens of the state of Georgia.

4.

Plaintiff Teri Fields is the putative administratrix of Ms. JoeAnn Snead's estate.

5.

Plaintiff Catolyn Merriweather is the daughter and lone child of JoeAnn Snead.

6.

Defendant Arbor Terrace At Cascade, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court.

7.

Defendant The Arbor Barrington Company d/b/a The Arbor Company is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court and is subject to the jurisdiction of this court.

8.

Defendant The Arbor Holding Company, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

9.

Defendant The Arbor CP, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

10.

Defendant Arbor Management Services, LLC is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court..

11.

Defendant John Doe No. 1 is a corporation or limited liability corporation that owned, operated or managed Arbor Terrace at Cascade, and who will be more fully identified through discovery.

12.

Audrienne Stevens is the Executive Director of Arbor Terrace at Cascade and may be served by second original with a copy of Summons and her Complaint at 7017 Roseland Circle, Douglasville, Ga. 30134. When such service is made upon Ms. Stevens as required by law, Defendant Stevens shall be subject to the jurisdiction of this court as a joint tortfeasor with the corporate defendants named herein.

### III.  FACTUAL ALLEGATIONS

13.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-12 of Plaintiffs' Complaint as if fully set forth herein.

14.

Arbor Terrace at Cascade is a senior citizen's independent and assisted living facility located at 1001 Research Center, Atlanta, Ga. 30331.

15.

At all times relevant to this action, the Healthcare Facility Regulation Division of the Georgia Department of Community Health provided rules and regulations that Arbor Terrace at Cascade was required to follow.

16.

Upon information and belief, Arbor Terrace at Cascade, LLC does business as Arbor Terrace at Cascade ("Arbor Terrace").

17.

Upon information and belief, Arbor Terrace at Cascade is owned and operating by Defendant The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or Defendant Arbor Management Services, LLC.

18.

Upon information and belief, Arbor Terrace at Cascade is, and was, at all relevant times herein, managed by Defendant Arbor Management Services, LLC.

19.

In late December 2019, the government in Wuhan, China, confirmed that health authorities were treating clusters of cases of suspected pneumonia that appeared to be viral in origin. Later, researchers in China identified a new virus that had infected dozens of people in Asia.

20.

That virus is now known as the Coronavirus and produces a disease known as Covid-19.

21.

Covid-19 is an infectious virus that attacks the respiratory system of its human host.

22.

The elderly, medically fragile, and those with compromised immune systems are particularly susceptible to fatality due to Covid-19.

23.

On Jan. 11, 2020, Chinese state media purportedly reported the first known death from an illness caused by the virus.

24.

On January 30, 2020, amid thousands of new cases in China, a public health emergency of international concern was officially declared by the World Health Organization ("W.H.O.").

25.

On February 28, 2020, the first then-known coronavirus patient died in the United States as the number of global cases rose to nearly 87,000.

26.

On March 9, 2020, Ms. Snead moved into Arbor Terrace with the intent of remaining a resident there for only six months to one year at which time she would return to the home of her daughter.

27.

On March 9, 2020 Ms. Snead alerted Arbor Terrace at Cascade that she had a compromised immune system and was on a number of medications for aliments including; high cholesterol, dementia, high blood pressure, anxiety, and difficulty breathing.

28.

At the time of Ms. Snead's admission process into Arbor Terrace, Covid-19 was not discussed despite the fact that Ms. Snead disclosed that she had several aliments that would make contracting the virus potentially deadly for her.

29.

On March 11, 2020, Arbor Terrace announced restrictions on visitation and contact among residents being put into effect at Arbor Terrace due to Covid -19 to commence on March 12, 2020.

30.

Those restrictions were circulated via email by Defendant Audrienne Stevens.
Visits to residents were allowed until noon on March 12, 2020.

31.

However, after these restrictions were put in place, Arbor Terrace, by and through its employees failed to comply with restrictions in manners including, but not limited to:

    a)    Staff failing to wear Personal Protective Equipment;

b)      Asymptomatic staff who had been exposed to Covid-19 continuing to work at Arbor Terrace; and

c)      Failing to restrict visitation by individuals from outside of the facility

32.

On March 24, 2020, Ms. Snead reportedly had a seizure and exhibited signs of a cold. Instead of transporting Ms. Snead to the ER Arbor Terrace called her daughter and advised her she needed to come to Arbor Terrace to transport her eighty-three (83) year old mother to the hospital.

33.

Once Ms. Snead arrived at Emory Crawford Long Hospital the triage nurse advised her that she had not had a seizure but had passed out due to a lack of oxygen.

34.

The ER Doctor confirmed that Ms. Snead had pneumonia and tested her for Covid-19.

35.

Ms. Snead's daughter was advised on March 24, 2020 that Ms. Snead tested positive for Covid-19.

36.

Ms. Snead was never able to move out of Arbor Terrace at Cascade and move back in with her family.  She remained hospitalized until her death on April 21, 2020 of respiratory failure, pneumonia, and Covid-19.

37.

By April 1, 2020 the Defendants were aware that thirteen (13) residents of Arbor Terrace had tested positive for Covid-19.

38.

By April 6, 2020 the Defendants were aware that twenty-nine (29) residents of Arbor Terrace had tested positive for Covid-19.

39.

Despite being aware of the surging number of its residents testing positive for Covid-19, including Ms. Snead, on April 10, 2020 in its Senior Living Blog The Arbor Company was encouraging its residents not to relocate from Arbor Terrace at Cascade based on "news reports of [Covid-19] outbreaks in a few nursing homes."

40.

On April 10, 2020 in its Senior Living Blog The Arbor Company was advising its residents at Arbor Terrace at Cascade that moving from there due to news reports of Covid-19 outbreaks was "unadvisable at this time."

41.

To further frighten residents and their families into dismissing any notion of relocating from Arbor Terrace, The Arbor Company was stating in its Senior Living Blog on April 10, 2020 that residents would find it "extremely difficult to put in place at home at the same high level" the infection prevention measures it had in place in its senior living communities.

42.

On April 10, 2010 The Arbor Company was stating in its Senior Living Blog that it had "infection prevention measures in place at all times," including prior to news reports of Covid-19 outbreaks in a few nursing homes.

43.

On April 10, 2020 The Arbor Company was stating in its Senior Living Blog that it had stepped up its infection prevention measures "significantly in recent months with the arrival of COVID-19 in the U.S."

44.

While making these representations suggesting that it had everything under control the Defendants were aware of numerous positive Covid-19 tests among both residents and thirty-four (34) positive Covi-19 tests among the Arbor Terrace staff. Additionally, the Defendants were well aware by that time that a number of Arbor Terrace residents had died of Covid-19.

### IV. NEGLIGENCE OF DEFENDANTS

45.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-44 of Plaintiffs' Complaint as if fully set forth herein.

46.

At all times relevant, while Ms. Snead was a resident of Arbor Terrace At Cascade, she was also an invitee of Defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor CP, LLC and/or The Arbor Holding Company, LLC and or Arbor Management Services, LLC and/or Defendant John Doe No. 1.

47.

At all times relevant said premises were owned, occupied, managed and controlled by Defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor Holding Company, LLC and/or The Arbor CP, LLC and/or Arbor Management Services, LLC and/or John Doe No. 1.

48.

At all times relevant Audrienne Stevens was acting in the course and scope of her employment as Executive Director or in a related capacity with one or more of the other Defendants.

49.

Defendants Arbor Terrace At Cascade, LLC, Audrienne Stevens, The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or The Arbor CP, LLC and/or Arbor Management Services, LLC and/or John Doe No. 1 owed a duty to their residents, including Ms. Snead, to exercise ordinary care keep the premises and approaches at Arbor Terrace At Cascade safe.

50.

On March 13, 2020, President Donald Trump declared the outbreak of COVID-19 a national emergency.

51.

The Defendants' duty to exercise ordinary care predated the President's emergency declaration.

52.

Upon information and belief, the Defendants failed in this duty prior to March 13, 2020, to the detriment of Arbor Terrace residents, including Ms. JoeAnn Snead.

53.

On March 14, 2020, Governor Brian Kemp declared a state of emergency in Georgia due to the outbreak of COVID-19.

54.

The Defendants' duty to exercise ordinary care predated Governor Kemp's declaration of a state of emergency in Georgia.

55.

Upon information and belief, the Defendants failed in this duty prior to March 14, 2020, to the detriment of Arbor Terrace residents, including Ms. JoeAnn Snead.

56.

Defendants failed to exercise ordinary care to keep the premises and approaches safe by failing to take and enforce the taking of those precautions designed to prevent the spread of Covid-19 among Arbor Terrace's residents and staff.

57.

Ms. Snead's contracting Covid-19 was reasonably foreseeable to Defendants.

58.

Decedent Ms. Snead was not aware of the dangerous conditions that existed at Arbor Terrace prior to contracting Covid-19 and despite exercising ordinary care for her safety while a resident there.

### V.  GROSS NEGLIGENCE

59.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-58 of Plaintiff's Complaint as if fully set forth herein.

60.

The Defendants violated various mandatory provisions of the Healthcare Facility Regulations relating to effective infection prevention and control, to the detriment of residents of

Arbor Terrace, including Ms. JoeAnn Snead. Further, upon information and belief, the Defendants were in violation of these mandatory Healthcare Facility infection control regulations even prior to the national or state declarations of emergency and continued such violations thereafter, to the detriment of residents of Arbor Terrace, including Ms. JoeAnn Snead.

61.

Upon information and belief the Defendants had a practice, policy, and/or procedure of violating Healthcare Facility Regulations relating to effective infection prevention and control to the detriment of the residents of Arbor Terrace, including Ms. JoeAnn Snead.

62.

Upon information and belief the Defendants had a practice, policy, and/or procedure of violating mandatory regulations set forth in the Healthcare Facility Regulations to ensure the safety and health of its residents, including Ms. JoeAnn Snead.

63.

While the coronavirus raged throughout Arbor Terrace and numerous residents died, The Arbor Company projected a misleading, we've got this thing under control kind of calm with its public assurances that it had in place effective infection prevention and control procedures and had stepped up those procedures in response to the presence of the coronavirus within its facility and among its residents and staff.

64.

Defendants' acts, omissions, and blatant disregard for its duty to act for the protection of Ms. Snead and other residents in the face of the grave and potentially fatal danger Covid-19 posed for them, constitute gross negligence.

65.

The Defendants failed to exercise that degree of care which every person of common sense, however inattentive, would be expected to exercise under the same or similar circumstances. This misconduct constitutes gross negligence.

66.

For the misconduct and gross negligence described above, the Defendants are legally liable to the Plaintiffs for Ms. JoeAnn Snead's wrongful death.

## VI.   DAMAGES – WRONGFUL DEATH

67.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-66 of Plaintiffs' Complaint as if fully set forth herein.

68.

As a direct, sole and proximate cause of actions by one or more of the Defendants and/or as described above, the Plaintiffs are entitled to recover any and all damages due to Ms. JoeAnn Snead's wrongful death.

69.

Said damages include the full value of Ms. Snead's life, including economic damages and non-economic damages, including loss of the enjoyment of living.

## VII.   DAMAGES – ESTATE CLAIMS

70.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-69 of Plaintiffs' Complaint as if fully set forth herein.

71.

As a direct, sole and proximate cause of actions by one or more of the Defendants and/or as described above, Ms. JoeAnn Snead's estate, of which Teri Fields will be appointed administratrix, is entitled to recover any and all damages resulting from Ms. Snead's conscious pain and suffering, anxiety, funeral and burial expenses, and last expenses.

### VIII.   PUNITIVE DAMAGES

72.

Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1-71 of Plaintiffs' Complaint as if fully set forth herein.

73.

In late February and early March of 2020, Defendants were well aware of the dangers of Covid-19 transmission to it elderly residential population.

74.

Despite the clear and obvious need for effective preventive measures to protect its residents from dangerous infections, including Covid-19 transmission, Defendants failed to timely institute or enforce such measures.

75.

The Defendants' actions as described herein, showed willful misconduct, wantonness, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to authorize and warrant the imposition of punitive damages pursuant to O.C.G.A § 51-12-5.1.

76.

Punitive damages are authorized and warranted in this action to punish, penalize, or deter the Defendants for their misconduct, as allowed under O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiffs demand the following:

a) A trial by jury;

b) A judgment in favor of the Plaintiffs and against the Defendants for the full value of the life of Ms. JoeAnn Snead as determined by the enlightened conscience of a fair and impartial jury;

c) A judgment in favor of Ms. Snead's Estate for all damages recoverable under the law and as determined by the jury;

d) Punitive damages in an amount to be determined by the jury and as allowed by law;

e) For all costs to be cast against the Defendants;

f) For such other and further relief as the Court may deem just and proper.

This 1st day of May, 2020.

Respectfully submitted,

/s/ Harold W. Spence
HAROLD W. SPENCE
Georgia Bar No. 671150
hspence@davisbozemanlaw.com
MAWULI MEL DAVIS
Georgia Bar No. 212029
mdavis@davisbozemanlaw.com
TIFFINEY D. HODGE
Georgia Bar No. 519481
thodge@davisbozemanlaw.com
*Attorneys for Plaintiffs*

**The Davis Bozeman Law Firm, P.C.**
4153-C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
(404) 244-2004 (Phone)
(404) 244-2020 (Fax)