State Court of Fulton County
**E-FILED**
20EV002533
6/1/2020 2:21 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TERI FIELDS, as Putative Administratrix of the
Estate of JOEANN SNEAD, Deceased, and Catolyn
Merriweather, Individually, as surviving child of
JoeAnn Snead, Deceased,

     Plaintiff,

v.

ARBOR TERRACE AT CASCADE, LLC; THE
ARBOR BARRINGTON COMPANY, LLC d/b/a
THE ARBOR COMPANY, THE ARBOR CP, LLC,
THE ARBOR HOLDING COMPANY, LLC,
ARBOR MANAGEMENT SERVICES, LLC,
JOHN DOE NO. 1 and AUDRIENNE STEVENS,

     Defendants.

CIVIL ACTION

FILE NO. 20EV002533

---

### ANSWER OF AUDRIENNE STEVENS

COMES NOW, **AUDRIENNE STEVENS** (hereinafter referred to as "Defendant")
named as Defendant in the above-styled civil action, and files this its Answer to Plaintiff's
Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

This Defendant enters a special appearance affirmatively showing that she is incorrectly
named insofar as she is not the owner, operator, or licensee of the assisted living community
identified in the Complaint.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's Complaint must be removed to Federal Court as the claims are subject to a Federal Immunity pursuant to 42 U.S.C. § 247d-6d(a)(1) and therefore removable insofar as Plaintiff's Complaint alleges a Federal Question.

## FOURTH DEFENSE

Plaintiff's Complaint is subject to dismissal as the claims are subject to Georgia state immunity protections granted by Executive Orders, including Executive Orders 03.14.20.01, 04.14.20.01, and 05.12.20.02, and in accordance with O.C.G.A. §§ 38-3-1 to 38-3-72.

## FIFTH DEFENSE

Plaintiff's Complaint and claims fail to state a claim upon which relief may be granted for the total lack of any scientific or medical evidence linking the transmittal method of COVID-19 to the presence or absence of any preventive measures such that the alleged negligence and alleged injuries sustained were preventable by Defendant.

## SIXTH DEFENSE

This Defendant is not liable to Plaintiff as any injury or damage that JoeAnn Snead may have experienced was solely and proximately the result of causes other than the acts or failure to act of this Defendant, including but not limited to an intervening, superseding cause for which this Defendant is in no way liable.  Plaintiff is therefore not entitled to recover from Defendant in this action.

## SEVENTH DEFENSE

Plaintiff failed to specifically state items of special damages pursuant to O.C.G.A. § 9-11-9(g) and, therefore, any recovery is barred.

## EIGHTH DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, by Plaintiff's failure to comply with O.C.G.A. §§ 9-11-9.1 and 24-7-702.

## NINTH DEFENSE

Defendant specifically denies that it was grossly negligent in any manner and specifically denies that Defendant put either Plaintiff or other residents of Arbor Terrace in grave danger of contracting COVID-19.

## TENTH DEFENSE

Plaintiff's claims are barred because any alleged conduct on the part of Defendant was made in good faith and as part of Defendant's efforts to comply with its obligations, if any, under the law in preventing the spread of COVID-19.

## ELEVENTH DEFENSE

Plaintiff's wrongful death claim fails because Plaintiff cannot establish causation.

## TWELFTH DEFENSE

To the extent as may be shown by evidence through discovery, the Defendant raises all those affirmative defenses as set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b) and none of these defenses are waived.

## THIRTEENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A § 13-6-11 or pursuant to any other theory, is made or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under good circumstances of this case upon this Defendant would violate its rights under the Constitution of the State of Georgia and the United States Constitution. Further, Defendant

specifically shows that a bona fide dispute exists to the extent that this Defendant is not liable to Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of such damages under Georgia Jury Instructions would be unconstitutional since those instructions do not provide constitutionally adequate standards for determining liability for, or the appropriate amount of, punitive damages, which violates this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1, of the Constitution of the State of Georgia.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because a jury may award punitive damages against this Defendant even if this Defendant has not engaged in intentionally malicious conduct or had no actual knowledge of malicious conduct, in violation of this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1 of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because the standards for determining liability for, and the amount of, punitive damages fails to give this Defendant prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1 of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to ensure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1 of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because a jury award of punitive damages is not subject to post-trial review through an evidentiary hearing that requires the trial court to weigh the excessiveness of the award, in violation of this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 1, Paragraph 1 of the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

The claims asserted by Plaintiff may be subject to a valid and binding arbitration agreement and as a result, this Court should dismiss this action, or alternatively, stay the proceedings and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").

## TWENTIETH DEFENSE

Plaintiff's Complaint fails for lack of subject matter jurisdiction.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint fails for improper venue.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses, including those suggested by further discovery, investigation, research, or analysis

This Defendant responds to the specific allegations in Plaintiff's Complaint as follows:

## I.    JURISDICTION AND VENUE[1]

1.

Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## II.    PARTIES

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, said paragraph is denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, said paragraph is denied.

---

[1] Defendant reproduces the section headings of the Complaint herein solely for ease of reference, and their inclusion is not intended to imply that Defendant admits to or agrees with any of the allegations or characterizations contained in the section headings.  To the extent a response is required, Defendant denies any allegations contained in the Complaint's section headings.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore, said paragraph is denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, said paragraph is denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore, said paragraph is denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, said paragraph is denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, said paragraph is denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore, said paragraph is denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore, said paragraph is denied.

12.

Defendant admits that she is the Executive Director of Arbor Terrace at Cascade and that she can be served as set forth herein.   However, Defendant denies that she is subject to the jurisdiction of this Court.

### III.      FACTUAL ALLEGATIONS

13.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 12 of Plaintiff's Complaint.

14.

Defendant admits that Arbor Terrace at Cascade is licensed by the Georgia Department of Community Health, Healthcare Facility Regulation Division as an Assisted Living Community, and is located at 1001 Research Center, Atlanta, Georgia 30331.   However, Defendant denies that the Community has an independent living section.

15.

Defendant admits that the Georgia Department of Community Health, Healthcare Facility Regulation Division has promulgated certain regulations applicable to assisted living communities such as Arbor Terrace at Cascade.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

While Defendant admits that on or around December 31, 2019, a novel respiratory infection was identified by the government in Wuhan, China, the exact genesis of the virus, including its numbers and the numbers treated, are unknown.  Therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore, said paragraph is denied.

20.

Defendant admits the existence of a virus known as Coronavirus or COVID-19.

21.

While Defendant has some knowledge of the respiratory effects of COVID-19, Defendant asserts that the information associated with the virus is changing on almost a daily basis. Therefore, Defendant is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore, said paragraph is denied.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore, said paragraph is denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore, said paragraph is denied.

24.

Defendant admits that the World Health Organization (W.H.O.) declared the 2019-nCoV outbreak a Public Health Emergency of International Concern on January 30, 2020 and that the W.H.O. Director further stated his "greatest concern is the potential for the virus to spread to countries with weaker health systems, and which are ill-prepared to deal with it".  Further, at that time, he stated that the vast majority of cases outside China have a travel history to Wuhan or contact with someone with a travel history to Wuhan. To the extent there are any remaining allegations contained in this Paragraph, they are denied.

25.

While Defendant admits that there was reportedly a death in Seattle, Washington on or around February 28, 2020, Defendant affirmatively states this information has changed since Plaintiff's Complaint was filed.  Therefore, Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore, said paragraph is denied.

26.

While Defendant admits that Ms. Snead admitted to Arbor Terrace at Cascade on or around March 9, 2020, Defendant is without knowledge as to her intention for length of stay.  All remaining allegations are denied.

27.

Defendant admits that Ms. Snead had various diagnosis on admission to Arbor Terrace at Cascade.  All remaining allegations are denied.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

While Defendant admits certain restrictions were put in place on March 11, 2020, with an effective date of March 12, 2020, Defendant denies these were the only precautions taken by Arbor Terrace at Cascade due to COVID-19.  All remaining allegations are denied.

30.

While Defendant admits certain restrictions were put in place on March 11, 2020, with an effective date of March 12, 2020, Defendant denies these were the only precautions taken by Arbor Terrace at Cascade due to COVID-19.  All remaining allegations are denied.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant admits that on or around March 24, 2020, Ms. Snead was lethargic and had body tremors. Defendant further admits that it contacted Ms. Snead's daughter who transported Ms. Snead to Emory Crawford Long.  All remaining allegations are denied.

33.

Defendant admits Ms. Snead was transported to Emory Crawford Long but is without knowledge or information sufficient to form a belief as to the findings of Emory Crawford Long upon her admission and therefore this allegation is denied.

34.

Defendant admits Ms. Snead was transported to Emory Crawford Long but is without knowledge or information sufficient to form a belief as to the findings of Emory Crawford Long upon her admission and therefore this allegation is denied.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of when Ms. Snead tested positive for COVID-19.  Therefore, said paragraph is denied.

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and therefore, said paragraph is denied.

37.

Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies that it "encouraged" its residents not to relocate based on COVID-19. Defendant admits that it posted resources which appeared to be relevant to residents considering a move from any communities.  Defendant also denies that Ms. Snead was a resident on or around April 10, 2020. All remaining allegations are denied.

40.

Defendant denies that it "advised" its residents not to relocate based on COVID-19. Defendant admits that it posted resources which appeared to be relevant to residents considering a move from any communities.  Defendant also denies that Ms. Snead was a resident on or around April 10, 2020. All remaining allegations are denied.

41.

Defendant denies that any information provided by it was an attempt to "frighten" its residents.  Defendant admits that it posted resources which appeared to be relevant to residents considering a move from any communities.  Defendant also denies that Ms. Snead was a resident on or around April 10, 2020. All remaining allegations are denied.

42.

Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

While Defendant admits that both residents and staff at Arbor Terrace at Cascade had COVID-19 diagnosis on or around April 10, 2020, Defendant denies Plaintiff's characterization of postings on its Senior Living Blog as "representations suggesting that it had everything under

control". Defendant further denies that Ms. Snead was a resident on or around April 10, 2020. All remaining allegations are denied.

## IV.   <u>NEGLIGENCE OF DEFENDANTS</u>

### 45.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 44 of Plaintiff's Complaint.

### 46.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore, said paragraph is denied.

### 47.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint, and therefore, said paragraph is denied.

### 48.

Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

### 49.

This Defendant admits it owed a duty to the residents of Arbor Terrace at Cascade but denies the characterization of this duty contained in this Paragraph is accurate given the fact that a virus cannot be considered a hazard sufficient to establish a premises liability claim. Any remaining allegations contained in this Paragraph are denied.

### 50.

Defendant admits the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant admits it owed a duty to the residents of Arbor Terrace at Cascade but denies the characterization of this duty contained in this Paragraph is accurate given the fact that a virus cannot be considered a hazard sufficient to establish a premises liability claim. Any remaining allegations contained in this Paragraph are denied.

52.

As to this Defendant, the allegations contained in Paragraph 52 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint, and therefore, said paragraph is denied.

53.

Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

This Defendant admits it owed a duty to the residents of Arbor Terrace at Cascade but denies the characterization of this duty contained in this Paragraph is accurate given the fact that a virus cannot be considered a hazard sufficient to establish a premises liability claim. Any remaining allegations contained in this Paragraph are denied.

55.

As to this Defendant, the allegations contained in Paragraph 55 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint, and therefore, said paragraph is denied.

56.

As to this Defendant, the allegations contained in Paragraph 56 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore, said paragraph is denied.

57.

As to this Defendant, the allegations contained in Paragraph 57 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint, and therefore, said paragraph is denied.

58.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint, and therefore, said paragraph is denied.

## V.    **GROSS NEGLIGENCE**

59.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 58 of Plaintiff's Complaint.

60.

As to this Defendant, the allegations contained in Paragraph 60 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint, and therefore, said paragraph is denied.

61.

As to this Defendant, the allegations contained in Paragraph 61 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint, and therefore, said paragraph is denied.

62.

As to this Defendant, the allegations contained in Paragraph 62 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint, and therefore, said paragraph is denied.

63.

As to this Defendant, the allegations contained in Paragraph 63 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint, and therefore, said paragraph is denied.

64.

As to this Defendant, the allegations contained in Paragraph 64 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint, and therefore, said paragraph is denied.

65.

As to this Defendant, the allegations contained in Paragraph 65 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in Paragraph 65 of Plaintiff's Complaint, and therefore, said paragraph is denied.

66.

As to this Defendant, the allegations contained in Paragraph 66 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint, and therefore, said paragraph is denied.

**VI.    DAMAGES-WRONGFUL DEATH**

67.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 66 of Plaintiff's Complaint.

68.

As to this Defendant, the allegations contained in Paragraph 68 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint, and therefore, said paragraph is denied.

69.

As to this Defendant, the allegations contained in Paragraph 69 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint, and therefore, said paragraph is denied.

## VII.    DAMAGES-ESTATE CLAIMS

70.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 69 of Plaintiff's Complaint.

71.

As to this Defendant, the allegations contained in Paragraph 71 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint, and therefore, said paragraph is denied.

## VIII.   PUNITIVE DAMAGES

72.

Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 71 of Plaintiff's Complaint.

73.

While Defendant had some limited knowledge of COVID-19 in late February and early March, 2020, Defendant denies that anyone was "well-aware" of the virus or its dangers, as information continues to change on a daily basis.  Therefore, Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

All remaining allegations are denied.

WHEREFORE, this Defendant prays:

(a)      that this Court dismisses Plaintiff's Complaint with prejudice with all costs taxed against the Plaintiff;

(b)      that this Defendant has a trial by jury of twelve persons; and

(c)      for such other and further relief as this Court deems fair and equitable.

WHEREFORE, having responded fully, Defendant prays that they be dismissed without cost or liability in the premises.

This 1st day of June, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/Howard W. Reese, III*

_____
T. ANDREW GRAHAM
Georgia Bar No. 304777
HOWARD W. REESE, III
Georgia Bar No. 598178
BRITTANY H. CONE
Georgia Bar No. 488550

191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
(404) 954-5000  /  (404) 954-5020 (fax)

*Attorneys for Defendant Audrienne Stevens*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TERI FIELDS, as Putative Administratrix of the Estate of JOEANN SNEAD, Deceased, and Catolyn Merriweather, Individually, as surviving child of JoeAnn Snead, Deceased, | CIVIL ACTION |
| Plaintiff, | FILE NO. 20EV002533 |
| v. | |
| ARBOR TERRACE AT CASCADE, LLC; THE ARBOR BARRINGTON COMPANY, LLC d/b/a THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC, ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1 and AUDRIENNE STEVENS, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF AUDRIENNE STEVENS** upon counsel for all parties by electronically filing the same with the Clerk of Court through Odyssey e-FileGA, which will automatically send an e-mail notification of such filing to the following attorneys of record addressed as follows:

Harold W. Spence
Mawuli Mel Davis
Tiffiney D. Hodge
The Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034

This 1st day of June, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/Howard W. Reese, III*

_____

T. ANDREW GRAHAM
Georgia Bar No. 304777
HOWARD W. REESE, III
Georgia Bar No. 598178
BRITTANY H. CONE
Georgia Bar No. 488550
*Attorneys for Defendant Audrienne Stevens*

191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
(404) 954-5000  /  (404) 954-5020 (fax)